M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
IAN N. FEINBERG (SBN 88324)
ifeinberg@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
DAVID ALBERTI (SBN 220265)
dalberti@feinday.com
CLAYTON THOMPSON (SBN 291331)
ctompson@feinday.com
JAKE ZOLOTOREV (SBN 224260)
yzolotorev@feinday.com
**FEINBERG DAY ALBERTI &**
**THOMPSON LLP**
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel:  650.618.4360
Fax:  650.618.4368
Attorneys for Nagravision SA and
OpenTV, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAGRAVISION SA and OPENTV, INC., | CASE NO. 2:17-CV-03919-AB-SK |
| Plaintiffs, | **PLAINTIFFS NAGRAVISION SA AND OPENTV, INC.'S OPPOSITION TO MOTION FOR COSTS** |
| v. | |
| NFL ENTERPRISES, LLC, | Date:          August 25, 2017 |
| Defendant. | Time:          10:00 a.m. |
| | Courtroom:   7B |
| | Judge:         Hon. Andre Birotte Jr. |

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT.................................................................1

II.    FACTUAL BACKGROUND .................................................................3

III.   LEGAL STANDARD.............................................................................5

IV.    ARGUMENT .........................................................................................6

   A.  Plaintiffs' Conduct Has Been Proper At All Times. ........................6

       1. Plaintiffs' Complaints Were Properly Filed in the Eastern District of

       Texas...............................................................................................6

   B.  NFLE Is Not Entitled to Attorneys' Fees Under Rule 41(d) ........11

   C.  NFLE Is Not Entitled to Costs Under Rule 41(d) Because Such Work Can

       and Should Be Reused. ................................................................13

   D.  NFLE Is Not Entitled to Costs Under Rule 41(d) Because It Failed to

       Individually Itemize Them. .........................................................15

V.     CONCLUSION....................................................................................15

1

# TABLE OF AUTHORITIES

2

**Cases**

3   *Bran v. Sun Pac. Farming Coop.*,

4       No. 06-cv-0871, 2007 WL 781865 (E.D. Cal. Mar. 13, 2007) ...............7

5   *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,

6       No. 15-cv-00037, 2017 WL 2651618 (E.D. Tex. June 20, 2017) .......................13

7   *EOS GMBH Electro Optical Sys. v. DTM Corp.*,

8       No. 00-cv-1230, 2002 WL 34536678 (C.D. Cal. Mar. 18, 2002) ........................13

9   *Esquivel v. Arau*,

10      913 F.Supp. 1382 (C.D. Cal. 1996) ...............................................5, 15

11  *Garcia v. Fed. Home Loan Mortg. Corp.*,

12      No. 12-cv-00397, 2012 WL 3756307 (E.D. Cal. Aug. 28, 2012) ........................7

13  *Hacopian v. United States Dept. of Labor*,

14      709 F.2d 1295 (9th Cir. 1983) ...............................................5

15  *Holt v. Kormann*,

16      No. 11-cv-1047, 2012 WL 5829864 (C.D. Cal. Nov. 15, 2012) .................5, 7, 11

17  *In re Apple*,

18      No. 2016-103, No. 18 (Fed. Cir. 2016) ...................................8

19  *In re TC Heartland LLC*,

20      821 F.3d 1338 (Fed. Cir. 2016) .............................................1

21  *Johnson v. Gonzalez*,

22      No. 14-cv-1252, 2017 WL 2119913 (E.D. Cal. May 16, 2017) .........................12

23  *Kelmar v. Bank of Am. Corp., et al.*,

24      No. 12-cv-6826, 2012 WL 12973473 (C.D. Cal. Oct. 26, 2012) .....................5, 11

25  *La Cuna De Aztlan v. United States Dep't of the Interior*,

26      No. 11-cv-400, 2011 WL 13131114 (C.D. Cal. Nov. 14, 2011) .................3, 9, 12

27  *Nielson v. Union Bank of California, N.A.*,

28      No. 02-cv-06942, 2003 WL 27374136 (C.D. Cal. Mar. 31, 2003) ......................14

ii

*OpenTV, Inc. v. NFL Enterprises, LLC*,

    No. 17-cv-0031-JRG-RSP (E.D. Tex. 2017) ......................................................1, 6

*Platinum Logistics, Inc. v. Platinum Cargo Logistics, Inc.*,

    No. 15-cv-617, 2015 WL 11921401 (S.D. Cal. Sept. 15, 2015)...............10, 11, 12

*Prest v. Jermstad*,

    250 F.R.D. 506, 508 (S.D. Cal. 2008)...................................................................10

*Raytheon Co. v. Cray, Inc.*,

    No. 15-cv-1554-JRG, Dkt. No. 289 (E.D. Tex. June 29, 2017) ............................7

*Rogers v. Wal-Mart Stores, Inc.*,

    230 F.3d 868, 875 (6th Cir. 2000)........................................................................12

*Trudeau v. Direct Mktg. Concepts, Inc.*,

    90 F. Appx. 486, 488 (9th Cir. 2003)...................................................................10

*Van v. Language Line Servs., Inc.*,

    No. 14-cv-03791, 2015 WL 8649015 (N.D. Cal. Dec. 14, 2015)....................5, 12

*Van v. Language Line Svcs., Inc.*,

    No. 14-cv-03791, 2016 WL 3143951 (N.D. Cal. June 6, 2016).........................10

*VE Holding Corp. v. Johnson Gas Appliance Co.*,

    917 F.2d 1574 (Fed. Cir. 1990).............................................................................1

*Wang Labs. Inc. v. Mitsubishi Elecs. Am. Inc.*,

    No. 92-cv-4698, 1993 WL 574424 (C.D. Cal. Mar. 24, 1993).........................5, 9

**Statutes**

28 U.S.C. § 1391(c) ..............................................................................................1

**Rules**

Rule 54(d) ...............................................................................................................5

## I.    PRELIMINARY STATEMENT

Plaintiff OpenTV properly filed this matter in the Eastern District of Texas on January 12, 2017, because it was established Federal Circuit law at the time that, under 28 U.S.C. § 1391(c), venue was proper "in any judicial district in which such defendant is subject to the court's personal jurisdiction." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990).[1]  Then, on May 22, 2017, the U.S. Supreme Court overturned decades of Federal Circuit precedent concerning venue, holding that 28 U.S.C. § 1391(c) is not applicable to patent cases and that venue in patent cases is more limited.  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017).  Immediately following the *TC Heartland* decision, counsel for NFLE left a voicemail insisting on dismissal (rather than transfer), and Plaintiffs agreed, dismissing their actions without prejudice and refiling in this District on May 24, 2017.  *See* Declaration of M. Elizabeth Day in Opposition to Defendant's Motion for Costs ("Day Decl.,") ¶ 11, Ex. G (transcription of Preston voicemail).

NFLE omits the *TC Heartland* decision in the Background of its motion, instead citing it once—on page 9 of its 11-page motion—and generally dismisses its importance despite the decision being the reason for NFLE's demand and Plaintiffs' agreement to voluntarily dismiss and refile in this District.  That the *TC Heartland* decision led to the change of venue here and was a monumental shift in venue law for patent infringement cases cannot be disputed.[2]  Indeed, outside the context of this motion, NFLE's counsel recognizes that this decision represents a monumental change in venue law: "[I]n *TC Heartland*…Supreme Court disrupted decades of Federal Circuit precedent interpreting the patent venue statute…[t]his

---

[1] *OpenTV, Inc. v. NFL Enterprises, LLC*, No. 17-cv-0031-JRG-RSP (E.D. Tex. 2017).
[2] The Federal Circuit had affirmed its precedent in a unanimous decision before the Supreme Court accepted review and reversed.  *In re TC Heartland LLC*, 821 F.3d 1338, 1341 (Fed. Cir. 2016).

decision may significantly restrict where patent litigations can be filed, and may shift many patent cases from certain patent litigation hotbeds, like the Eastern District of Texas, to the District of Delaware or the Northern District of California." Day Decl., ¶ 18, Ex. K1 (http://www.velaw.com/Insights/Home-Is-Where-the-Heart(land)-Is/).[3]

Rather than acknowledge the undisputed reason why Plaintiffs refiled in this District, NFLE seeks fees and costs by casting spurious accusations that Plaintiffs engaged in nefarious conduct on the eve of the Court's hearing regarding NFLE's motion to dismiss. The reality, however, is quite different. Venue was proper in the Eastern District of Texas. *TC Heartland* changed the calculus, and despite there ***still being significant questions*** whether venue remains proper in the Eastern District, Plaintiffs decided to forego the additional time and expense of briefing this issue in order to move to the merits of its case. Plaintiffs could have continued to challenge NFLE's 12(b)(3) motion and could have prevailed (just as they likely would have prevailed in their challenge to NFLE's motion to transfer). But that would have involved more motion practice and more delay.

Instead, after NFLE demanded that Plaintiffs refile the matter, Plaintiffs agreed and did just that, refiling this case in the Central District of California— where NFLE wanted the case to be. Yet—after Plaintiffs did as NFLE requested— NFLE now complains and has the temerity to ask for over $100,000 in fees, even going so far as to represent to the Court that this District "typically" includes attorneys' fees under Rule 41(d). *Compare* Motion at 5 ("Courts in the Central District of California and elsewhere in the Ninth Circuit have typically 'read Rule 41(d) costs to include attorneys' fees.'")[4] with *La Cuna De Aztlan Sacred Sites*

---

[3] *See also* Day Decl., ¶ 18, Ex. K2 (http://www.velaw.com/Insights/New-Cases-Test-The-Patent-Venue-Waters-After-TC-Heartland/) ("*TC Heartland* has been widely hailed as ending the Eastern District of Texas' run as the go-to patent venue for many plaintiffs.").

[4] The Ninth Circuit has not specifically addressed the issue of whether attorneys' fees are included as part of an award of costs under Federal Rule of Civil Procedure 41(d). *Caldwell v. Wells Fargo Bank N.A.*, No. 13-cv-1344, 2014 WL 789083, at *6

2

1    *Prot. Circle Advisory Comm. v. United States Dep't of the Interior*, No. 11-cv-400,

2    2011 WL 13131114, at *1-2 (C.D. Cal. Nov. 14, 2011) ("Both *Esposito* and *Rogers*

3    recognize that *attorneys' fees **are not generally available*** as 'costs' awarded

4    pursuant to Rule 41(d).  On this point, the Court ***agrees*** with the Sixth and Seventh

5    Circuits....") (emphasis added).  The reality is that, once the law changed, Plaintiffs

6    chose to forego further opposition to NFLE's Rule 12(b)(3) motion and agreed,

7    after NFLE's insistence, to voluntarily dismiss and refile this litigation.  In so

8    doing, Plaintiffs actually saved NFLE from expending more fees and conserved

9    judicial resources.

10       Most, if not all, of the fees and costs NFLE has incurred for work on this

11   matter prior to the venue change can and should be used in the present matter.

12   They were not needless expenditures and NFLE has not been prejudiced.  There has

13   been no harassment, there has been no forum shopping, and Plaintiffs have not

14   engaged in any vexatious litigation.  NFLE's motion should be denied.

15   **II.    FACTUAL BACKGROUND**

16       NFLE's characterization of the litigation in the Eastern District of Texas is

17   misleading.  First, with respect to the '172 patent and NFLE's allegations that

18   Plaintiffs somehow engaged in an improper assignment of the patent to Nagravision

19   in order to "[t]o manufacture some purported connection" to the venue is incorrect.

20   Motion at 3.  As the Declaration of Greg Lundell filed herewith confirms, the '172

21   patent was always intended to be assigned to Nagravision, but only through a

22   clerical error, it ended up being assigned to OpenTV.  Day Decl., ¶ 14, Ex. H

23   (Declaration of Greg Lundell, Nagra VP of IP Strategy).

24       Second, with respect to the consolidation of the action OpenTV filed on

25   January 12, 2017, with the action Nagravision filed on May 8, 2017, the request for

26   consolidation was a **joint** request.  Day Decl., ¶ 15, Ex. I.  Indeed, as part of that

27   joint request, Plaintiffs agreed that NFLE did not need to file another Rule 12(b)(3)

28   (N.D. Cal. February 26, 2014).

3

1   or transfer motion and that the outcome of the pending motions would be

2   dispositive of the issues vis-à-vis the Nagravision action.  *Id.*

3        Third, with respect to the scheduling order, most of the dates are set by the

4   court and the parties needed to negotiate only a few dates with only one date

5   disputed—the date for the service of invalidity contentions.  Day Decl., ¶ 9, Exs. E

6   and F.  The scheduling conference for this particular matter lasted less than five

7   minutes.  *Id.* at ¶ 10.  With respect to the discovery order and the protective order,

8   Plaintiffs have agreed to abide by the discovery limits and terms of those orders

9   and, subject to the Court's permission, will re-use them in this case.  *Id.* at ¶ 12.

10  When asked on July 28 whether NFLE would agree to abide by the discovery and

11  protective orders, NFLE indicated it would need to consider the request, and

12  Plaintiffs asked that NFLE provide its position prior to August 4.  *Id.*  Plaintiffs

13  again inquired on August 1, 2017, and August 2, 2017, and NFLE stated they

14  needed more time to consider the proposal.  On the evening of August 3, 2017,

15  before OpenTV had to file this Opposition, NFLE raised several unnecessary

16  disputes and conditions to using the previously agreed orders and schedules.  Day

17  Decl., ¶ 12, Ex. L.  Nevertheless, the fact remains that the parties' prior work is

18  useful even if NFLE now has new demands.

19       Fourth, with respect to the venue-related discovery taken in connection with

20  NFLE's transfer motion, NFLE was the party that opposed discovery at every turn;

21  thereby forcing Plaintiffs to expend significant resources meeting and conferring

22  and to threaten filing an emergency motion with the court.  Day Decl., ¶¶ 2-4, Exs.

23  A1-A3.  OpenTV served its requests on March 22, 2017.  *Id.* at ¶¶ 2, 4.  Finally,

24  after needless delay, on April 28, 2017—less than two business days before the

25  agreed-upon and limited **two-hour** 30(b)(6) deposition—NFLE provided a

26  perfunctory response to almost all of OpenTV's interrogatories and produced only a

27  single 12-page document in response to OpenTV's three document requests.  *Id.* at

28  ¶ 5.  Nevertheless, despite it being only a two-hour deposition, in-house counsel for

1  NFLE as well as multiple outside counsel prepared the witness.  *Id.* at ¶ 6.  At the

2  end of the day, the discovery NFLE finally did produce was minimal, but

3  regardless, will be used again in this litigation.

4  Fifth, and although NFLE apparently is not seeking fees or costs incurred in

5  responding to OpenTV's first set of interrogatories, during the parties' Rule 26(f)

6  conference on July 28, Plaintiffs asked NFLE to agree to use the interrogatory

7  responses served on May 17, 2017, in this action.  NFLE responded on August 3,

8  2017, that it would not object to using those responses in this action.  Day Decl., ¶

9  13, Ex. L.

10  Finally, given that NFLE has failed to itemize the alleged fees and costs

11  incurred (*see* Section IV.D below), it is unclear how much attorney time was

12  actually spent attending the scheduling conference or selecting a mediator.

13  Plaintiffs have once again agreed to use Judge Folsom as a mediator in the present

14  case, so any purported expense incurred by NFLE in selecting Judge Folsom is

15  germane to both cases.  Day Decl., ¶ 12.  Regardless, the time spent attending a

16  scheduling conference or selecting a mediator was *de minimis*.  *Id.*

17  ## III.   LEGAL STANDARD

18  Whether to award costs is directed to the sound discretion of the trial court

19  and is appropriate when it would prevent prejudice to the defendant.  *Kelmar v.*

20  *Bank of Am. Corp., et al.*, No. 12-cv-6826, 2012 WL 12973473, at *2 (C.D. Cal.

21  Oct. 26, 2012); *Wang Labs. Inc. v. Mitsubishi Elecs. Am. Inc.*, No. 92-cv-4698,

22  1993 WL 574424, at *14 (C.D. Cal. Mar. 24, 1993); *Holt v. Kormann*, No. 11-cv-

23  1047, 2012 WL 5829864, at *2 (C.D. Cal. Nov. 15, 2012) (quoting *Esquivel v.*

24  *Arau*, 913 F.Supp. 1382, 1387 (C.D. Cal. 1996)).  Rule 41(d) is intended to deter

25  "forum shopping and vexatious litigation."  *Van v. Language Line Servs., Inc.*, No.

26  14-cv-03791, 2015 WL 8649015, at *5 (N.D. Cal. Dec. 14, 2015); *see Hacopian v.*

27  *United States Dept. of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983) (describing the

28  "dangers of harassment and vexatious litigation ... in cases covered by Rule 41(d)").

5

The language of Rule 41(d) indicates broad discretion, but neither an order to stay or to pay costs is mandatory.  *Esquivel*, 913 F.Supp. at 1386 (C.D. Cal 1996).  The plain and ordinary meaning of the words in Rule 41(d) refers only to costs and not fees.[5]  Under the plain language of Rule 41(d), costs do not include attorneys' fees.  *Caldwell*, 2014 WL 789083, at *6.

## IV.   ARGUMENT

### A.   Plaintiffs' Conduct Has Been Proper At All Times.

#### 1.   Plaintiffs' Complaints Were Properly Filed in the Eastern District of Texas

Plaintiffs did not forum shop.  They had a right originally to file their respective cases in the Eastern District of Texas.  Plaintiffs voluntarily dismissed and refiled in the Central District of California based on a monumental shift in the law that made the question of venue in the Eastern District of Texas less certain, though still viable.  Rather than fight an uncertain fight, given this change in the law, Plaintiffs acquiesced to moving this litigation to this District immediately following the *TC Heartland* decision, as requested by NFLE and saving the parties time and resources.[6]

##### a)   *The TC Heartland Decision* and NFLE's Rule 12(b)(3) Motion

The threshold question is whether Plaintiffs have a "persuasive explanation" for the conduct of the litigation.  *Senah, Inc. v. Xi'an Forstar S&T Co, Ltd*, No. 13-cv-04254-BLF, 2014 WL 3058292, at *1 (N.D. Cal. July 3, 2014) ("In analyzing purported violations of Rule 41, the Plaintiff bears the burden to show a 'persuasive explanation' for its course of the litigation….") (internal citations omitted).  NFLE

---

[5] "For example, Rule 54(d), among other statutes, separates out 'costs' and 'attorney's fees.' These references show that when Congress wanted to grant attorney's fees, it did so explicitly." *Id.*

[6] In its motion to transfer, NFLE also states its headquarters are in the Southern District of New York, another venue in which Plaintiffs could have, but chose not to, refile.

PLAINTIFFS' OPPOSITION MOTION FOR COSTS – 2:17-CV-3919

1  does not discuss *TC Heartland* because that decision alone provides the persuasive

2  explanation for Plaintiffs' dismissal and re-filing of the litigation.  Day Decl., ¶ 18,

3  Ex. K2 (Vinson & Elkins website discussing how after *TC Heartland* patent filings

4  dropped significantly in EDTX).  Indeed, when NFLE filed its Rule 12(b)(3)

5  motion, it argued that "precedent should not be followed" and the Eastern District

6  should wait and see if the Supreme Court changed the law: "If the Court cannot

7  conclude at this time that venue is improper in this district, NFLE respectfully

8  requests that the Court take this Rule 12(b)(3) motion under advisement pending

9  the outcome of *TC Heartland*."  *OpenTV, Inc. v. NFLE, LLC*, Case No. 17-31-RJG-

10  RSP, Dkt. No. 23, at 11 (E.D. Tex. Mar. 13, 2017).

11       This situation is far afield from the classic Rule 41(d) case where a plaintiff

12  refiles in another venue in order to gain some advantage over or cause some

13  prejudice to a defendant.  Plaintiffs are not harassing NFLE or seeking some

14  tactical advantage.  Courts decline to grant costs where, like here, there is no

15  evidence of any harassment.  *Garcia v. Fed. Home Loan Mortg. Corp.*, No. 12-cv-

16  00397, 2012 WL 3756307, at *2 (E.D. Cal. Aug. 28, 2012); *Bran v. Sun Pac.

17  Farming Coop.*, No. 06-cv-0871, 2007 WL 781865, at *5 (E.D. Cal. Mar. 13, 2007)

18  ("In this case, on the other hand, Sun Pacific has offered no proof to substantiate

19  the claims of vexatious litigation or forum shopping."); *Holt*, 2012 WL 5829864, at

20  *2 (stating the Rule 41(d)'s purpose is to protect a defendant from harassment).

21       The Eastern District of Texas was a proper venue when Plaintiffs filed their

22  cases—and perhaps continues to be based on NFLE's numerous contacts with the

23  State of Texas and the Eastern District of Texas in particular.[7]  Plaintiffs' decision

24  to dismiss and refile was proper and does not warrant any award of fees or costs.[8]

25  ─────────────
[7] Indeed, NFLE has been a defendant in at least eleven patent litigation matters
26  pending in the Eastern District of Texas and never argued that venue was improper
under Rule 12(b)(3) or moved to transfer any of those actions under §1404(a).  Day
27  Decl., ¶ 16.
[8] The Eastern District of Texas recently announced a four-part test for determining
28  whether venue is proper.  Venue is proper if a defendant commits acts of
infringement in a district and (1) the defendant has a physical presence in the

**b)**     **NFLE's Motion to Transfer under §1404(a).**

Despite NFLE's pejorative suggestions to the contrary, the only open question when NFLE filed its venue motions was whether the Central District of California was clearly more convenient than Plaintiffs' choice of forum.  Plaintiffs maintain it was not.  NFLE grossly misstates the facts surrounding the work done in connection with the transfer motion.  It neglects to tell the Court that its 30(b)(6) witness ***admitted*** that NFLE travels to Texas to conduct business—including meeting with technology providers—and that they sometimes lease offices there, and that they send crews and support staff in connection with events, such as the Super Bowl, and Thursday Night games.  Day Decl., Ex. 17, Ex. J (OpenTV's Opp. to Transfer Motion, *Eastern District Matter*, Dkt. No. 62) at 2.  Nor does NFLE mention that it ***admitted*** that the relevant documents are stored electronically in data centers around the country, including at its headquarters in New York, and could be accessed by anyone with an Internet connection.  Or that there were a number of witnesses available in New York, more convenient to Texas than to California.  *Id.* at 2-3.  Similarly, many third parties, including those who provide some of the accused functionality, had a presence in Dallas or Austin—while none were headquartered in this District.  *Id.*  Relevant prosecution counsel, inventors, and potential prior artists were located in Texas or around the country—and many were closer to the Eastern District of Texas than to the Central District of California.  *Id.*  This is not meant to reargue Plaintiffs' opposition here, but to show that, but for the Supreme Court's significant change to the law, this matter likely

---

district; (2) the defendant represents that it has a presence in the district; (3) the defendant receives benefits from the district, including sales revenue; or (4) the "defendant interacts in a targeted way with existing or potential customers, consumers, users, or entities within a district, including but not limited to through localized customer support, ongoing contractual relationships, or targeted marketing efforts." *Raytheon Co. v. Cray, Inc.*, No. 15-cv-1554-JRG, Dkt. No. 289, 25 (E.D. Tex. June 29, 2017).  Based on the significant sales revenue and its targeted interactions with the numerous customers in the Eastern District, Plaintiffs could have persuasively argued that venue was proper under this test.

1   would have stayed in Texas.  Out of approximately 17 published orders where the

2   Marshall Division decided motions to transfer outside of the District in the past

3   year before *TC Heartland*, the court denied 12 motions and granted only 5.  Day

4   Decl., ¶¶ 20, 21.  Many of those cases had less advantageous facts than those

5   present here.  *See, e.g.*, *In re Apple*, No. 2016-103, No. 18, at 3-4 (Fed. Cir. 2016)

6   (denying petition for mandamus where the only connection to district was where "a

7   number of potential third-party witnesses—though far less than identified in

8   California—subject to the court's subpoena power" and "potential third-party

9   evidence in the Eastern District of Texas.").

10       While courts have stated that there does not need to be a finding of bad faith

11   in order to award costs, courts still look to the underlying conduct at issue to see

12   whether a plaintiff had a plausible reason to refile its case or whether it was trying

13   to seek some advantage or cause prejudice.  In this case, Plaintiffs' underlying

14   conduct has been proper at all times.

15       The facts here are similar to *La Cuna De Aztlan*, 2011 WL 13131114, a case

16   NFLE does not cite.  There, the plaintiffs filed an initial action in the Southern

17   District of California against multiple defendants.  But as opposition to the venue

18   grew, the plaintiffs severed their own case and dismissed the action against those

19   parties who were related to the Central District and refiled separate actions here.

20   *Id.* at *4.  The Court found that "Plaintiffs' goal was to avoid ***becoming 'bogged***

21   ***down with the procedural motions'*** and 'to get a ruling on the TRO request as

22   quickly as possible.'"  *Id.* (emphasis added).  Therefore, the Court found that

23   plaintiffs were guilty of neither of the "transgressions" of forum shopping or

24   vexatious litigation practices.  *Id.*  Similar to the plaintiffs in *La Cuna De Aztlan*,

25   here Plaintiffs' ultimate goal with dismissal and refiling also was to avoid further

26   motion practice and proceed more directly to the merits of the case.

27       In *Wang Labs*, 1993 WL 574424, the Court stated that it "must consider

28   whether Wang had a good reason for its voluntary dismissal of [the previous]

1    action." *Id.* at *15.  It found that plaintiff did have good reason when it refiled in

2    district court, after initially filing in the ITC, in order to ensure that it could seek

3    complete relief, including monetary damages. *Id.*  ("By electing to pursue only one

4    of two courses available to it, Wang has not clearly engaged in vexatious

5    litigation…defendants' assessment of Wang's 'true motives' for the termination is

6    based purely on speculation.").

7        In *Senah, Inc.*, 2014 WL 3058292 (N.D. Cal. July 3, 2014), the court

8    recognized that costs would be inappropriate when there was no evidence of forum

9    shopping.  There, a plaintiff refiled its litigation "solely so that service could be

10   made in compliance with the Hague Convention." *Id.* at *2.  Because it was merely

11   refiling in order to comply with discovery requirements, there was no "intent to

12   harass" and "an award of costs in this circumstance would be misguided." *Id.*

13   "Dismissal to ensure that proper service could be effectuated—and thus that any

14   successful judgment rendered would be recognized by a foreign jurisdiction—is

15   not, in this Court's view, a vexatious or harassing litigation tactic." *Id.*  Similarly,

16   refiling a case to comply with new venue requirements is not a vexatious or

17   harassing litigation tactic.  *See also Trudeau v. Direct Mktg. Concepts, Inc.*, 90 F.

18   Appx. 486, 488 (9th Cir. 2003) (vacating award of costs where "the district court

19   offered no reason for this award and our review of the record reveals no basis for

20   it"); *Caldwell*, 2014 WL 789083, at *6–7 (not imposing fees where, after a

21   plaintiff's state court case was removed to the Central District, she voluntarily

22   dismissed the case and refiled it in the Northern District before she ultimately

23   dismissed it with prejudice); *Prest v. Jermstad*, 250 F.R.D. 506, 508 (S.D. Cal.

24   2008) (finding that a plaintiff had "good reason for voluntarily dismissing the state

25   action and refiling in federal court" where he wanted to reset the discovery schedule

26   so he could retain a particular expert).

27       On the other hand, courts award costs when there is some evidence of bad

28   acts on plaintiff's part, none of which exists here. *See Van v. Language Line Svcs.,*

1   *Inc.*, No. 14-cv-03791, 2016 WL 3143951, at *3 (N.D. Cal. June 6, 2016)

2   ("Plaintiff's 'discovery abuse' and refusals to comply with an order of the Superior

3   Court 'are consistent with Defendants' argument that Plaintiff has engaged in

4   vexatious litigation tactics.'"); *Platinum Logistics, Inc. v. Platinum Cargo Logistics,*

5   *Inc.*, No. 15-cv-617, 2015 WL 11921401, at *4 (S.D. Cal. Sept. 15, 2015)

6   ("Plaintiff ignored this deadline… [and] provides no coherent explanation for this

7   sequence of events that would reveal it to be anything other than tactical

8   maneuvering by Plaintiff in a misguided effort to obtain a 'do over' of the Second

9   Action."); *Holt*, 2012 WL 5829864, at *4-5 ("Plaintiff…failed to respond to an

10  order to show cause as to why the entire action should not be dismissed without

11  prejudice...Instead, Plaintiff filed a separate lawsuit against KRR and appealed the

12  Superior Court's decision.  Plaintiff forced KRR to simultaneously litigate the Holt

13  I action on appeal in regards to proper service and the Holt II action in regards to

14  his claims' merits."); *Kelmar v. Bank of Am. Corp., et al.*, 2012 WL 12973473, at

15  *2 ("[Plaintiff] has already been declared a vexatious litigant in California state

16  court proceedings.  In her Prior Lawsuit, Plaintiff forced [Defendant] to respond to

17  multiple frivolous pleadings and…to re-litigate those same issues in the Subsequent

18  Lawsuit.") (internal citation omitted).

19      There is no bad conduct here.  Without question, Plaintiffs had the right to

20  file in the Eastern District of Texas and there are strong arguments that this District

21  was not clearly more convenient than the Eastern District of Texas.  Plaintiffs did

22  not forum shop, but instead refiled this matter in order to save time and judicial

23  resources after a sea change in the law that "disrupted decades of precedent."

24  Plaintiffs' efforts to streamline this matter should be rewarded rather than punished.

25      **B.    NFLE Is Not Entitled to Attorneys' Fees Under Rule 41(d)**

26      NFLE overstates the law when it says that Rule 41(d) should include fees as

27  well as costs.  In reality, there is a significant split of authority, within this Court,

28  within other California district courts, and within the circuit courts of appeal, as to

11

1   whether fees may be included as costs at all.  Neither the Ninth Circuit nor the

2   Supreme Court have ruled on the issue, while the Seventh Circuit has allowed for

3   fees in very limited circumstances and the Sixth Circuit has precluded fees under

4   Rule 41(d).  *See Platinum Logistics*, 2015 WL 11921401, at *5 (collecting cases).

5   There is a strong body of law, including cases from this District, that hold fees

6   should not be included under Rule 41(d).  "As a preliminary matter, Rule 41(d)

7   expressly authorizes only 'costs' and not 'fees.'  Whether the word 'costs' may

8   nevertheless encompass attorneys' fees is an issue that has divided the few courts to

9   have addressed it since Rule 41(d) took effect in 1938."  *La Cuna De Aztlan*, 2011

10  WL 13131114, at *1-2 ("Both [the Seventh Circuit] and [the Sixth Circuit]

11  recognize that attorneys' fees are not generally available as "costs" awarded

12  pursuant to Rule 41(d).  On this point, the Court agrees with the Sixth and Seventh

13  Circuits...."); *see also Van*, 2015 WL 8649015, at *5 (discussing an earlier case in

14  which it found that "attorney's fees were not 'costs' under Rule 41(d)"); *Johnson v.*

15  *Gonzalez*, No. 14-cv-1252, 2017 WL 2119913, at *2 (E.D. Cal. May 16, 2017) ("If

16  Congress intended to permit courts to award attorney's fees under Rule 41(d), it

17  would have made that grant of authority explicit."); *see also Rogers v. Wal-Mart*

18  *Stores, Inc.*, 230 F.3d 868, 875 (6th Cir. 2000) ("For instance, whereas Rule 41(d)

19  only speaks of 'costs' and does not mention attorney fees, several other provisions

20  in the Federal Rules explicitly provide for recovery of attorney fees…  In addition,

21  Title 28 U.S.C. § 1920 lists the items a court may tax as 'costs' to a prevailing party

22  under Rule 54(d) but does not include attorney fees.").

23        While a plain reading of the rule does not include fees, the Court may

24  sidestep this debate entirely.  Those few instances in which courts have awarded

25  fees have been because of an applicable fee-shifting provision in the underlying

26  case.  "In *Esposito*, the Court held that fees are available under Rule 41(d) when the

27  previously dismissed action was one in which attorneys' fees were available in the

28  underlying case."  *Platinum Logistics*, 2015 WL 11921401, at *5; *La Cuna De*

1   *Aztlan*, 2011 WL 13131114, at *1-2 ("[T]he Seventh Circuit held that fees are

2   available under Rule 41(d), but only when the statute on which the original action is

3   based permits a prevailing defendant to recover fees as part of costs.").  Based on

4   this line of reasoning, NFLE could only seek fees if the Court found that the

5   underlying action was an exceptional case and NFLE was a prevailing party under

6   35 U.S.C. § 285.  *EOS GMBH Electro Optical Sys. v. DTM Corp.*, No. 00-cv-1230,

7   2002 WL 34536678, at *4 (C.D. Cal. Mar. 18, 2002) ("Thus, an award of attorneys'

8   fees [in a patent action] under Rule 41(d) would be proper if it is an 'exceptional

9   case.'").  But Plaintiffs dismissed on their own accord under Rule 41(a) and there is

10  no prevailing party.

11          **C.     NFLE Is Not Entitled to Costs Under Rule 41(d) Because Such**

12                  **Work Can and Should Be Reused.**

13          NFLE bears the burden of showing that it "incurred needless expenditures"

14  as a result of Plaintiffs refiling this case.  *Senah, Inc.*, 2014 WL 3058292, at *1.

15  NFLE states that it incurred substantial fees preparing its motions to dismiss and

16  transfer, providing discovery related to its motion to transfer, and negotiating and

17  briefing the scheduling, discovery, and protective orders in the Eastern District of

18  Texas and that Plaintiffs' venue change has rendered that work moot. (Motion at 1-

19  2.)  Not true.  Day Decl., ¶¶ 12, 13, 19.

20          NFLE cannot recover any costs here because everything about which it

21  complains is carried forward and useful for this action.  First, this case would not be

22  in this District if NFLE had not filed its motions for improper venue and for

23  transfer.  According to NFLE, it is "clearly more convenient" for it to be in this

24  District.  This is why it filed a motion for improper venue and a motion to transfer

25  venue, and requested that Plaintiffs dismiss their case in the Eastern District and

26  refile here after *TC Heartland*.  Had they not made those motions when they did,

27  however, they would have waived any chance of raising venue concerns no matter

28  the Supreme Court's holding in *TC Heartland*.  *Elbit Sys. Land & C4I Ltd. v.*

1   *Hughes Network Sys., LLC*, No. 15-cv-00037, 2017 WL 2651618, at *18 (E.D. Tex.

2   June 20, 2017) (holding that a defendant waived its right to argue venue by failing

3   to challenge venue before *TC Heartland*).  Thus, any costs associated with filing

4   the venue motions were useful for NFLE because those motions preserved NFLE's

5   venue arguments.  Further, the limited discovery responses, document production,

6   and deposition provided to date will be used in this case as explained above.  Day

7   Decl., ¶¶ 12, 13.

8           Second, NFLE cannot seek costs for its motion to dismiss under Rule

9   12(b)(6) because it repeats its same arguments here and is therefore useful to it in

10  this proceeding.  NFLE complains that the dismissal "terminated NFLE's pending,

11  fully briefed motion to dismiss for failure to state a claim," yet NFLE neglects to

12  mention that the Eastern District of Texas needed to consider issues of claim

13  construction and had not (and might not have ever) set a hearing date on the

14  motion.  By having the case pending here, NFLE is assured of a hearing date

15  (August 4, 2017) and a merits decision in short order.  Courts have been clear that a

16  defendant cannot recover costs for a motion to dismiss that is even somewhat

17  duplicative of one filed in an earlier action:

18          With one exception, all of the arguments raised in Comerica and
19          Imperial's joint motions to dismiss the first and second amended
            complaints in *West* were raised in Comerica and Imperial's separate
20          motions to dismiss the *Neilson* first amended complaint….For this
            reason, the court concludes that they are not entitled to the costs
21          incurred in connection with preparing these motions.
22

23  *Nielson v. Union Bank of California, N.A.*, No. 02-cv-06942, 2003 WL 27374136,

24  at *4 (C.D. Cal. Mar. 31, 2003); *see also Senah, Inc.*, 2014 WL 3058292, at *2.

25  ("Further, the Court is not persuaded by Defendant that its work on the prior action,

26  particularly with regard to the drafting and filing of the Motion to Dismiss, 'will

27  [not] contribute toward [its] defense of the present action.'").

28

14

Finally, as explained above, there are few costs associated with NFLE's remaining items other than its request for fees—and as explained above, NFLE is not entitled to fees here.  Day Decl., ¶ 19.  In any event, Plaintiffs submit that NFLE should agree to abide by the discovery limits and terms of the protective order previously negotiated, use the same agreed-upon mediator, and to agree that any discovery served in the prior action may be re-used in this action.

### D. NFLE Is Not Entitled to Costs Under Rule 41(d) Because It Failed to Individually Itemize Them.

A party's request for costs must be individually itemized and a basis provided for the Court to determine whether the expenses were reasonably incurred and whether they will be useful to the party in the second action.  *Esquivel*, 913 F. Supp. at 1388.  Although NFLE has offered to submit its invoices for *in camera* review, Plaintiffs have not had an opportunity to review the reasonableness of the fees or the time spent performing certain tasks.  Even if it were appropriate to award fees under Rule 41(d), Plaintiffs are unable to ascertain whether those fees are reasonable.  For example, *three* NFLE attorneys attended most, if not all, of the meet and confer telephonic conferences (Hilary Preston, Stephen Stout and Rachel McClure), which suggests that NFLE's fee request may not be reasonable.  Day Decl., ¶ 3.  Similarly, it appears unnecessary for NFLE to use local counsel when it has two California offices and lists numerous attorneys who practice patent litigation, including in the Central District of California.  *Id.* at ¶ 7.  There is no record evidence that NFLE's fees are reasonable or that the amount of time it spent on any of its tasks was reasonable.  Instead, NFLE complains about tasks for which it used too many lawyers and is seeking an unreasonable amount.  *Id.* at ¶ 12, 19.

NFLE's unsubstantiated request for costs and fees should be denied.

### V. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny NFLE's Motion for Costs under Rule 41(d).

15

Dated: August 4, 2017

FEINBERG DAY ALBERTI &
THOMPSON LLP

By: */s/ M. Elizabeth Day*
    M. Elizabeth Day

*Attorneys for Plaintiffs*
Nagravision SA and OpenTV, Inc.
.