M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
IAN N. FEINBERG (SBN 88324)
ifeinberg@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
DAVID ALBERTI (SBN 220265)
dalberti@feinday.com
CLAYTON THOMPSON (SBN 291331)
ctompson@feinday.com
JAKE ZOLOTOREV (SBN 224260)
yzolotorev@feinday.com
**FEINBERG DAY ALBERTI &
THOMPSON LLP**
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel: 650.618.4360
Fax: 650.618.4368
Attorneys for Plaintiff
NAGRAVISION SA AND OPENTV, INC.

DARRYL M. WOO (SBN 100513)
dwoo@velaw.com
Scott Yoo, (SBN 311202)
syoo@velaw.com
**VINSON & ELKINS LLP**
555 Mission Street, Suite 2000 San
Francisco, CA 94105
Telephone: (415) 979-6980
Facsimile: (415) 520-5377

HILARY PRESTON
hpreston@velaw.com
rmcclure@velaw.com
RACHEL MCCLURE
**VINSON & ELKINS LLP**
666 Fifth Ave, 26th Floor
New York, NY 10103
212 237-0000
212 237-0100

Bruce L. Ishimatsu (CSBN 86145)
bruce@ishimatsulaw.com
**ISHIMATSU LAW GROUP, P.C.**
4712 Admiralty Way, No. 1012
Marina del Rey, California 90292
Telephone: (310) 200-4060
Facsimile: (310) 496-1540
Attorneys for Defendant
NFL ENTERPRISES LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAGRAVISION SA and OPENTV, INC., <br><br>       Plaintiffs, <br><br>    v. <br><br> NFL ENTERPRISES, LLC, <br><br>       Defendant. | CASE NO. 2:17-CV-03919-AB-SK <br><br> **DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE STEVE KIM** <br><br> **STIPULATED PROTECTIVE ORDER** |

WHEREAS, Plaintiff OpenTV, Inc. and Defendant NFL Enterprises, LLC, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until

STIPULATED PROTECTIVE ORDER –2:17-CV-3919-AB-SK

1  such document is redesignated to have a different classification under this Order.

2      3.    With respect to documents, information or material designated

3  "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or

4  "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED

5  MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this

6  Order governs, without limitation: (a) all documents, electronically stored

7  information, and/or things as defined by the Federal Rules of Civil Procedure; (b)

8  all pretrial, hearing or deposition testimony, or documents marked as exhibits or for

9  identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings

10  and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions,

11  extracts, digests and complete or partial summaries prepared from any

12  DESIGNATED MATERIALS shall also be considered DESIGNATED

13  MATERIAL and treated as such under this Order.

14      4.    A designation of Protected Material (i.e., "CONFIDENTIAL,"

15  "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED

16  CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or

17  unintentional production of documents, information or material that has not been

18  designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole

19  or in part of a claim for confidential treatment. Any party that inadvertently or

20  unintentionally produces Protected Material without designating it as

21  DESIGNATED MATERIAL may request destruction of that Protected Material by

22  notifying the recipient(s), as soon as reasonably possible after the producing Party

23  becomes aware of the inadvertent or unintentional disclosure, and providing

24  replacement Protected Material that is properly designated. The recipient(s) shall

25  then destroy all copies of the inadvertently or unintentionally produced Protected

26  _____

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to
27  refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED -
ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE
28  CODE," both individually and collectively.

Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

a)  outside counsel of record in this Action for the Parties;

b)  employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

c)  in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

d)  up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in  good faith request the other party's consent to designate  one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

e)  outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected  Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith  to resolve any such objection.

If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

f)   counsel for third parties that provide to Defendant, pursuant to a written agreement, products, services, or software that are incorporated into, relied on, or combined with a product or service that is accused of infringement in this action, provided that, before access is given, that third-party counsel has completed the Undertaking attached as Appendix B hereto and the same is served upon Plaintiff at least ten (10) days before access to the Protected Material is to be given to that third-party counsel to allow Plaintiff to object to and notify Defendant in writing that it objects to disclosure of Protected Material to the third-party counsel. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

g)  independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

h)  the Court and its personnel.

6.      A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the

4

Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client. Such in-house counsel will be identified in writing to the producing Party five (5) days prior to any access to and disclosure of RESTRICED—ATTORNEYS' EYES ONLY. Such in-house counsel shall not have access to Protected Material

designated RESTRICTED CONFIDENTIAL SOURCE CODE.

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

a) Access to a Party's Source Code Material shall be provided only on a "stand- alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer may be connected to any device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10(i and l) below. Additionally, except as provided in paragraph 10(l) below, the stand-alone computer may only be located at the offices of the producing Party's outside counsel;

b) The stand-alone computer will be made available for inspection during regular business hours (8:00 a.m. to 6:00 p.m.), upon reasonable notice to the producing party, which shall not be less than three (3) business days in advance of the requested inspection. However, upon notice of not less than three (3) business days from the receiving party, the producing Party shall make reasonable efforts to accommodate a request for access to the stand-alone computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code Material on the stand-alone computer;

d) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer as described above;

e) Access to Protected Material designated RESTRICTED

CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to five (5) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

f) A receiving Party seeking to inspect a producing Party's Source Code Material shall identify in writing to the producing Party the persons who will be conducting the inspection or will be present during the inspection no less than twenty-four (24) hours in advance of any such inspection. Such identification shall be in addition to any notice or disclosure required pursuant to any other provision in this Protective Order. The receiving Party shall maintain a daily log, to be provided by the producing Party and returned to the producing Party at the end of each day, of the names of the persons inspecting or viewing the Source Code Material on behalf of the receiving Party and when they enter and depart the Source Code viewing room. The producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and shall provide a copy of the log to the receiving Party upon request.

g) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

h) Except as set forth in paragraph 10(*l*) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

i) The receiving Party's outside counsel and/or experts shall be entitled to take notes in the Source Code review room relating to the Source Code but may not copy the Source Code verbatim into such notes and may not take such notes electronically on any computer.

j) The receiving Party shall be permitted to identify for printing up to 35 consecutive pages per accused product and 250 total pages of Source Code Material per accused product, and may identify additional pages if reasonably necessary, and producing Party shall not unreasonably withhold, condition, or delay any such reasonable request. The producing Party shall print, designate and clearly label such identified pages as "RESTRICTED CONFIDENTIAL SOURCE CODE," and produce such printouts within seven (7) business days of such request. The receiving party is entitled to make three (3) photocopies of the printouts for use in the instant litigation. The receiving Party shall maintain a log of all such files (printouts and/or photocopies) and shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, including the dates and times of inspection;

k) The receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

8

l)  If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

m)  A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(k) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer; and

n)  Access to and review of Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this case. No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any specific knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, patent prosecution, or litigation.

11.  Any attorney representing a Party, whether in-house or outside

9

counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL relating to technical issues under this Order shall not prepare, prosecute, supervise, or assist in (other than with respect to any re-examination, *inter partes* review or post-grant review of the patents-in-suit) the preparation, drafting, amending, or prosecution of any patent claims pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit that shall remain in place for one year after the conclusion of this Action, including any appeals. This bar shall begin when the HIGHLY SENSITIVE MATERIAL of another Party or Third Party is first accessed by the affected individual. The Parties expressly agree that the prosecution bar set forth herein shall be personal to any of Plaintiff's or Defendant's outside counsel or outside counsel's employed staff who actually reviews HIGHLY SENSITIVE MATERIAL and shall not be imputed to any other persons or attorneys at the outside counsel's law firm. It is expressly agreed that outside counsel and their employed staff who work on this matter without reviewing HIGHLY SENSITIVE MATERIAL shall not be restricted from engaging in prosecution activity or other matters that fall within the prosecution

10

bar. Nothing in this paragraph should be construed to preclude any Party's counsel from advising or participating in a reexamination or other post-issuance proceeding of any patent for which that outside counsel is litigation counsel in an action involving that patent. This exemption expressly includes participation in any reexamination or post-grant proceeding of the patents- in-suit, initiated during the pendency of this litigation, including any appeals.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any

1    unauthorized persons or entities.

2         14.    Nothing contained herein shall be construed to prejudice any Party's
3    right to use any DESIGNATED MATERIAL in taking testimony at any
4    deposition or hearing provided that the DESIGNATED MATERIAL is only
5    disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED
6    MATERIAL by virtue of his or her employment with the designating party, (ii)
7    identified in the DESIGNATED MATERIAL as an author, addressee, or copy
8    recipient of such information, (iii) although not identified as an author, addressee,
9    or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course
10   of business, seen such DESIGNATED MATERIAL, (iv) a current or former
11   officer, director or employee of the producing Party or a current or former officer,
12   director or employee of a company affiliated with the producing Party; (v) counsel
13   for a Party, including outside counsel and in-house counsel (subject to paragraph
14   9 of this Order); (vi) an independent contractor, consultant, and/or expert retained
15   for the purpose of this litigation; (vii) court reporters and videographers; (viii) the
16   Court; or (ix) other persons entitled hereunder to access to DESIGNATED
17   MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other
18   persons unless prior authorization is obtained from counsel representing the
19   producing Party or from the Court.

20        15.    Parties may, at the deposition or hearing or within thirty (30) days
21   after receipt of a deposition or hearing transcript, designate the deposition or
22   hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED -
23   ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE
24   CODE" pursuant to this Order. Access to the deposition or hearing transcript so
25   designated shall be limited in accordance with the terms of this Order. Until
26   expiration of the 30-day period, the entire deposition or hearing transcript shall
27   be treated as confidential.

28        16.    Any DESIGNATED MATERIAL that is filed with the Court shall

12

be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.    The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.    Each outside consultant or expert to whom DESIGNATED MATERIAL is  disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is

13

subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing

14

Party's request.

23.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED

15

MATERIAL.

**SIGNED THIS 5th Day of September, 2017**

_____

STEVE KIM
UNITED STATES MAGISTRATE JUDGE

DATED: September 1, 2017

VINSON & ELKINS LLP

/s/ *Hilary Preston*
Hilary Preston

*Attorneys for Defendant* NFL
Enterprises, LLC

FEINBERG DAY ALBERTI &
THOMPSON LLP

/s/ *Elizabeth Day*
Elizabeth Day

*Attorneys for Plaintiffs* Nagravision
SA and OpenTV, Inc.
.

## SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-4.3.4 (2), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

September 1, 2017                              /s/ Elizabeth Day

| | |
|---|---|
| NAGRAVISION SA and OPENTV, INC., | CASE NO. 2:17-CV-03919-AB-SK |
| Plaintiffs, | Jury Trial Demanded |
| v. | |
| NFL ENTERPRISES, LLC, | |
| Defendant. | |

**APPENDIX A**

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____

My current employer is _____

My current occupation is _____

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAGRAVISION SA and OPENTV, INC., | CASE NO. 2:17-CV-03919-AB-SK |
| Plaintiffs, | Jury Trial Demanded |
| v. | |
| NFL ENTERPRISES, LLC, | |
| Defendant. | |

**APPENDIX B**
**UNDERTAKING OF THIRD PARTIES REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

6.    My address is _____

My current employer is _____

My current occupation is _____

7.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

8.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

9.    Promptly upon termination of these actions, I will return all

3

documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

10.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature:    _____


Date:    _____